# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEXAS LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-0418-HE |
| ) | |
| AMANDA RAPER, f/k/a Amanda R. ) | |
| Nickell, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Texas Life Insurance Company ("Texas Life") filed this declaratory judgment action against Amanda Raper f/k/a Amanda R. Nickell and Dana Clifton, as legal guardian for the Estate of GFN, seeking a declaration regarding the proper beneficiary of a life insurance policy it issued Chris Nickell and a declaration that the Citizen Potawatomi Nation courts do not have personal jurisdiction over it or subject matter jurisdiction over the dispute between it and defendant Raper. Texas Life has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Its motion is not opposed by defendant Clifton, whose position is aligned with Texas Life, but it is challenged by defendant Raper.

### Background[1]

Chris Nickell purchased a $100,000 life insurance policy from Texas Life on March 1, 2010, through his employer, Gordon Cooper Technology Center, which is located in Shawnee, Oklahoma. He subsequently married defendant Amanda Raper in July 2012.

---

[1] The facts underlying the dispute are not contested with one exception – the parties dispute whether the terms of the decree granting Chris Nickell and Ms. Raper a divorce are ambiguous.

After they married, Nickell designated defendant Raper as the primary beneficiary of the insurance policy and GFN, his minor child, as the secondary beneficiary. Ms. Raper and Nickell were divorced on December 31, 2013. The District Court for the Citizen Potawatomi Nation issued the divorce decree.² Nickell died on April 1, 2014, and both Ms. Raper and Ms. Clifton, GFN's legal guardian, submitted claims to Texas Life for the policy benefits. On May 28, 2014, Texas Life tendered $100,753.59 to Ms. Clifton, as GFN's legal guardian. Ms. Raper then sued Texas Life in the District Court for the Citizen Potawatomi Nation on March 31, 2015, alleging she is entitled to the life insurance benefits and seeking judgment in the amount of $100,000. Texas Life filed this action on April 20, 2015.

Defendant Raper previously moved to dismiss this lawsuit due to the pending action in the District Court of the Citizen Potawatomi Nation. The court denied her motion to dismiss, concluding that the Citizen Potawatomi Nation court lacked personal jurisdiction over Texas Life and subject matter jurisdiction over the policy dispute.

## Analysis

"Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal quotation marks omitted). "The court "accept[s] all facts

---

²*As jurisdiction is based on diversity, state law applies. In Oklahoma, "the general rule of law is that the law where the contract is made or entered into governs with respect to its nature, validity, and interpretation." Telex Corp. v. Hamilton, 576 P.2d 767, 768 (Okla. 1978). The policy was not only entered into in Oklahoma, it provides that shall be governed by Oklahoma law. Doc. #27-1, pp. 14-15, § 7-17. The parties also agree that Oklahoma law governs the dispute.*

2

pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in that party's favor." *Id.* (internal quotation marks omitted). The court's task is to construe the insurance policy between Texas Life and Nickell, applying Oklahoma law.

The parties agree that the dispositive issue is whether defendant Raper's status as a beneficiary of the insurance policy was revoked by operation of law pursuant to 15 Okla. Stat. § 178(A) when Nickell and Defendant Raper divorced.[3] Section 178(A) provides in pertinent part that:

> If, after entering into a written contract in which a beneficiary is designated or provision is made for the payment of any death benefit (including life insurance contracts . . .), the party to the contract with the power to designate the beneficiary or to make provision for payment of any death benefit dies after being divorced from the person designated as the beneficiary . . . all provisions in the contract in favor of the decedent's former spouse are thereby revoked. Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.

Texas Life argues that, pursuant to the express terms of § 178(A), upon her divorce from Nickell, defendant Raper is treated for purposes of the insurance policy "as having predeceased" her former spouse. All provisions in the policy in Defendant Raper's favor were revoked, Texas Life contends, when Nickell died.

Defendant Raper responds that § 178(A) does not apply "[i]f the decree of divorce . . . contains a provision expressing an intention contrary to subsection A . . . ." 15 Okla. Stat.

---

[3]The court assumes, without deciding, that the underlying divorce decree is valid. No party has suggested otherwise.

3

§ 178(B)(3). She claims the parties had agreed that the life insurance proceeds would be available to pay off a joint loan the parties owed on a 2012 Dodge Ram truck and intended to include such a provision in the Divorce Decree. She argues that, because the "Decree then was drafted to read that [Nickell] would pay for the 2012 Dodge Ram pickup," and "[t]he only way Chris Nickell could pay after his death was with the life insurance proceeds," Doc. #30, pp. 4-5, the terms of the Divorce Decree are ambiguous and parol evidence is admissible to show the parties' intent.

If the Divorce Decree provided, or could be interpreted as providing, that the life insurance proceeds would be available to pay off the auto loan and, thus, that Raper remain the primary beneficiary of the insurance policy, then § 178(B)(3) would operate to prevent plaintiff's status as a beneficiary from being revoked. However, the language of the decree does not support such a conclusion.

The Divorce Decree awarded Chris Nickell the 2012 Dodge Ram 1500 truck as his "sole and separate property" and the court ordered Nickell to assume responsibility for the debt for the truck and "obtain financing in his name, removing [defendant Raper's] name from the loan as soon as possible." Doc. #27-3, p. 3. The court could have easily included a provision in the decree requiring Nickell to retain Ms. Raper as the primary beneficiary of his life insurance policy until he had obtained refinancing and removed her name from the prior loan. However, it does not mention the life insurance policy or Raper's status as a

beneficiary and its provisions are unambiguous.[4] *See generally* Ryan v. Ryan, 78 P.3d 961, 964-65 (Okla.Civ.App. 2003) (discussing latent ambiguity in divorce decree). Therefore, when Nickell died, after being divorced from Raper, 15 Okla. Stat. § 178(A) operated to revoke Raper's status as a beneficiary of his life insurance policy.

Accordingly, the court **GRANTS** Texas Life's motion for judgment on the pleadings [Doc. #27] and declares that defendant Amanda Raper's status as a beneficiary of the insurance policy Texas Life issued Chris Nickell was revoked by operation of law and that defendant Dana Clifton, as legal guardian for the Estate of GFN, is the lawful beneficiary of the insurance policy. For the reasons stated in the court's August 24, 2015, Order, the Citizen Potawatomi Nation courts lack jurisdiction to resolve the dispute as to the proper beneficiary of the insurance policy.

**IT IS SO ORDERED**.

Dated this 11th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[4]*As Texas Life noted, even if the decree was ambiguous, parol evidence would not be admissible to construe it because, "if a decree suffers ambiguity, then the court may construe it but, in doing so, the court is limited to the judgment roll."* Ryan v. Ryan, *78 P.3d 961, 964 (Okla.Civ.App. 2003).*